JEFFERSON W. AND KIMBERLY A. WILLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Willis
Docket No. 14880-91
United States Tax Court
T.C. Memo 1992-332; 1992 Tax Ct. Memo LEXIS 337; 63 T.C.M. (CCH) 3124; June 9, 1992, Filed *337 An appropriate order will be issued. Mark S. Mesler, for respondent. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioners' 1988 Federal income tax in the amount of $ 1,330. Prior to the call of the calendar in this matter, petitioners filed a motion for summary judgment, the gist of which is that respondent had admitted, through failure to deny, "that petitioners' amended return is true and correct." Petitioners further filed an amended motion for summary judgment in which they contended that the notice of deficiency was based on petitioners' original return, which had been superseded by their amended return, and accordingly the notice was invalid. Petitioners resided at Columbus, Georgia, *338 when they filed their petition herein. The procedural history of this case is as follows: Respondent filed a Motion for Protective Order on August 29, 1991, in which she requested relief from petitioners' document entitled "First Interrogatories and Request to Admit to Respondent". Respondent contended that discovery was premature, there having been no attempt at informal discovery. Respondent further contended that under our Rule 70(a)(2), discovery should not be commenced, without leave of Court, before the expiration of 30 days after joinder of issue. Petitioners' discovery requests were filed within the 30-day period. We granted respondent's Motion for a Protective Order on October 4, 1991. In our order we stated: Petitioners have not shown that, prior to undertaking formal discovery, they in good faith exhausted all efforts toward informal discovery within the intendment of this Court's Rules and .
Respondent's motion for a protective order and our order went to both the request for answers to interrogatories and the request for admissions served by petitioners. The request for admissions was prematurely *339 filed and is of no effect. Respondent has not admitted that an amended return apparently mailed by petitioners to respondent is correct, and at the hearing upon petitioners' motion for summary judgment, at which petitioners failed to appear, respondent advised the Court that the amended return had not been accepted for filing. We may grant summary judgment only where it is clear that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b). There are material issues of fact still to be decided, and the original motion for summary judgment will be denied. Petitioners' amended motion for summary judgment will also be denied as there are open material issues of fact still to be decided in this matter. There is no statutory authority for the filing of amended income tax returns, and the acceptance of amended returns rests within the discretion of the Commissioner. . Respondent has not chosen to accept petitioners' amended 1988 return. Even if she had done so, we note that the deficiency notice would still remain valid. There are material issues *340 of fact still present in this case, and, accordingly, petitioners' motions for summary judgment will be denied. We warn petitioners once again that the Rules of this Court and our decision in , require the parties to enter into a good faith effort at informal discovery. We note that the Court might well have dismissed this matter against petitioners for lack of proper prosecution due to their failure to appear at the calendar call. We will restore the case to the general docket for calendaring for trial in due course. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩